IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: ) IN BANKRUPTCY
)
HAREY J. ISRAEL, ) Case No. 04-41018
)
        Debtors. ) Judge John D. Schwartz

**FINAL REPORT CHECKLIST**

THE FOLLOWING ITEMS ARE INCLUDED IN THE TRUSTEE'S FINAL REPORT PACKAGE:

| | | |
|---|---|---|
| 1. | Trustee's Final Report with all exhibits attached | Y |
| 2. | All pending professionals' applications for compensation if not included in Final Report | Y |
| 3. | All disbursement orders. | Y |
| 4. | Cumulative 180 day report through date of Final Report if not part of Final Report. | Y |
| 5. | Notice of Final Hearing. | Y |

DATE: August 9, 2007

Israelfra2

/s/ Daniel Hoseman
TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) CHAPTER 7 CASE
)
) CASE NO. 04-41018
HAREY J. ISRAEL )
)
Debtor(s) ) HON. JOHN D. SCHWARTZ

## TRUSTEE'S FINAL REPORT

To:  THE HONORABLE __JOHN D. SCHWARTZ__
UNITED STATES BANKRUPTCY JUDGE

NOW COMES __Daniel Hoseman__, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1. The Petition commencing this case was filed on __11-4-04__ xx~~19~~xxxxx.~~An order for relief under Chapter 7 was entered on~~ xxxxxxx~~19xx (delete if inapplicable)~~. __Daniel Hoseman__ was appointed Trustee on __11-4-04__, 19____. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage (or if not, so indicate and state bond coverage).

2. The Trustee certifies that he/she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. (Delete if corporate case). The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $876,441.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4. A summary of the Trustee's Final Report as of 11-27-06 is as follows:

    a. RECEIPTS (See *Exhibit C*)      $56,631.41
    b. DISBURSEMENTS (See *Exhibit C*)      $11,559.85
    c. NET CASH available for distribution      $45,071.56
    d. TRUSTEE/PROFESSIONAL COSTS:

        1. Trustee compensation requested      $6,081.57
        2. Trustee Expenses (See *Exhibit E*)      $   27.86
        3. Compensation requested by attorney or other professionals for trustee (See *Exhibit F*)      $5,625.50

5. The Bar Date for filing unsecured claims expired on March 14, 2005.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee. (See *Exhibit D*) The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a. Allowed unpaid secured claims      $   0.00
    b. Chapter 7 administrative and 28 U.S.C. §1930 claims      $11,734.93
    c. Allowed Chapter 11 administrative claims      $   0.00
    d. Allowed priority claims      $   0.00
    e. Allowed unsecured claims      $886,469.27

7. Trustee proposes that unsecured creditors receive a distribution 3.7606% of allowed claims.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $11,559.85. Trustee's attorney's, accountant's, or other professional's compensation requested but not yet allowed is $5,625.50. The total of Chapter 7 professional fees and expenses requested for final allowance is $17,185.35.

9. A fee of $5,000.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: 7-1-07

/s/ Daniel Hoseman
SIGNATURE

Daniel Hoseman
TRUSTEE NAME

P.O. Box 279 Highland Park, IL 60035
ADDRESS

# TASKS PERFORMED BY TRUSTEE

DESCRIBE TASKS PERFORMED AND RESULTS ACHIEVED.

MAJOR TASKS ARE SUMMARIZED IN PARAGRAPH FORM BELOW.

1. Reviewed Schedules ans Statement of Financial Affairs upon appointment. Recognized need to hire Attorneys before 341 Meeting due to scheduled trandsfer. Retained attorneys who obtained court order prior to 341.
2. Prior to 341, received and returned the first few of many long distance calls from largest creditor, a woman in South Carolina who is the largest creditor. Initiated inquiry into the serious allegations she made against debtor. Requested Documents from her.
3. Presided at scheduled 341 Meeting on 12-7-04 and continued the Meeting to 12-13-04 to allow for more expansive examination. Representatives of the United States Trustee appeared and participated on both dates.
4. Received and reviewed documents received from Nea Stevens inclding a copy of a large state court judgment she obtained against debtor for alleged serious misconduct.
5. Several conferences with attorneys relative to making a claim against debtor's brother for preferential transfers and regarding objecting to debtor's discharge.
6. Decision to initiate a series of conferences in which the U.S.Trustee's office participated. The last date for filing objections to discharge was extended several times during the conference process.
7. Reached tentative agreement for the settlement of various claims by participants. In order to resolve all issues which arose, it was necessary to involve the trustee, debtor, debtor's wife, debtor's brother, debtor's sisters-in law, the George Trefonas Residuary Trust, the George Trefonas Marital Trust, and debtor's mother-in-law as parties to the prosed Settlement Agreement.
8. After all nine parties to the Agreement executed the Agreement, it was presented to thecourt for approval on 3-30-06 and approved.
9. Received the Settlement amount of $55,000.00 from brother of debtor on 6-7-06 and invested same as income tax returns for 2006 were due 4-15-07.

EXHIBIT A

TASKS PERFORMED BY TRUSTEE

10. Advised Nea Stevens of the court's approval of the settlement. She is very satisfied with the results of the case as the settlement saves her mother's home.
11. Employed accountants to prepare the 2006 federal and state income tax returns and worked with them.
12. Applied for and obtained promptdetermination from IRS - n0 tax due.
13. Promptly answered all creditor inquiries.
14. Did all necessary banking including purchase of a CD to cover the closing period.
15. Promptly filed all required reports with the Office of the U.S.Trustee.
16. Prepared Final Report with all necessary exhibits and Petition for Allowance of Trustee Fees.
17. Upon approval, will file Final Distribution Report and Disburse all funds on hand.
18. Will prepare and file a Final Account with all required exhibits.
19. Will prepare and file Form 4 so that the Clerk may close this file.

---
    64.6 hours

## DISPOSITION OF ESTATE PROPERTY

Scheduled Property & Disposition                                     Amount Realized
(List category of scheduled property, a
brief description, scheduled value and
disposition. If abandoned, explain
why & give date of court order)

At the Final Hearing, Trustee seeks to abandon any estate interest in the family home(780000.-tenancy by the entirety), life insurance policies(7441), Ira (89000.). leased auto(unknown). financed auto(unknown), wearing apparel(unknown), books.etc.(unknown), household goods(unknown) and bank account(1500.)all claimed as exempt without objection.

Unscheduled Property
(Describe property, state circumstances
of discovery and disposition)

1. settlement of all claims                                           55000.00
   (nine-party agreement
   approved 3-30-06)

2. interest earned by trustee                                          1631.41

   TOTAL RECEIPTS                                                     56631.41

   TOTAL SCHEDULED
   VALUE OF PROPERTY
   ABANDONED                                                         876441.00

   TOTAL SCHEDULED VALUE                                             876441.00
   OF EXEMPT PROPERTY

EXHIBIT B

# FORM 2

# CASH RECEIPTS AND DISBURSEMENT RECORD

EXHIBIT C

FORM 2
CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 04-41018 | Trustee Name: | D. Hoseman |
|---|---|---|---|
| Case Name: | H. Israel | Bank Name: | LaSalle |
| Taxpayer ID #: | 30-6112139 | Checking Acct. #: | 5800954702 |
| For Period Ending: | ~~~~ | Blanket bond (per case limit): | 5 mil |
| | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 Deposit $ | 6 Disbursement $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Ref. # | Paid to/ Received From | Description of Transaction | | | | |
| 6-7-06 | H | D. Israel | settlement per o/c | 1241-00x | 12000.00 | | 12000.00 |
| 7-5-06 | 1001 | Chill&Radtke | atty fees o/c | 3210-00x | | 11559.85 | 440.15 |

COLUMN TOTALS  12000.00  11559.85
Less: Bank transfers/CDs
Subtotal
Less: Payments to debtors
Net  440.15

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: ) IN BANKRUPTCY
)
HAREY J. ISRAEL, ) Case No. 04-41018
)
Debtors. ) Judge John D. Schwartz

## PROPOSED DISTRIBUTION REPORT

I, DANIEL HOSEMAN, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review, I propose to make the following distribution:

**SUMMARY OF DISTRIBUTION:**

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $11,734.93 |
| Chapter 11 Administrative Expenses: | $0 |
| Priority Claims (507)(a)(3)-(a)(6): | $0 |
| Secured Tax Liens: | $0 |
| Priority Tax Claims | $0 |
| General Unsecured Claims: | $33,336.63 |
| Other: | $0 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | **$45,071.56** |

EXHIBIT "D"

## DISTRIBUTION REPORT

DISTRIBUTION REPORT                                                                 PAGE 1 of 7

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fee pursuant to 28 U.S.C. 1930(6)) | $11,734.93 | 100% |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| 0 | DANIEL HOSEMAN, TRUSTEE<br>P.O. Box 279<br>Highland Park, IL 60035 | $6,109.43 | $6,109.43 |
| 0 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, PC<br>79 W. Monroe Street, #1305<br>Chicago, IL 60603 | $2,437.50 | $2,437.50 |
| 0 | CBIZ Accounting, Tax & Advisory Services, LLC<br>One South Wacker Dr., #1800<br>Chicago, IL 60606 | $3,188.00 | $3,188.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in-possession (DIP) administrative expenses) | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| DISTRIBUTION REPORT | | PAGE 2 of 7 |
|---|---|---|

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap Claims arising in involuntary cases and allowed pursuant to §502(f) | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $2,000 | NONE | |

| NUMBER | CREDITOR | FICA & MED WITHHELD (7.65%) | FED. TAX WITHHELD (28.0%) | IL TAX WITHHELD (3.0%) | NET CHECK |
|---|---|---|---|---|---|

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Plans | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(5) - Farmers' and Fishermans' claims to the extent of $2,000 | NONE | |

| DISTRIBUTION REPORT | | | PAGE 3 of 7 |
|---|---|---|---|
| **CLAIM NUMBER** | **CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |

| 7. TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §507(a)(6) - Deposits by consumers to the extent of $1,800 | | NONE | |

| **CLAIM NUMBER** | **CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
|---|---|---|---|

| 8. TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §507(a)(7) - Alimony, Maintenance or Support | | | |

| **CLAIM NUMBER** | **CREDITOR** | **AMOUNT OF ALLOWED CLAIM** | **AMOUNT OF DIVIDEND** |
|---|---|---|---|

| 9. TYPE OF CLAIMS | | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §724(b)Tax Liens §507(a)(8) - Tax claims excluding fines and penalties | | None | 0% |

DISTRIBUTION REPORT  PAGE 4 of 7

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(8) - Capital Commitments to FDIC, et al. | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full | $886,469.27 | 3.7606% |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|
| 00001 | Dykema Gossett Roots, Pitts, PLLC<br>10 S. Wacker, Ste. 2300<br>Chicago, IL 60606 | $ 64,013.94 | $ 2,407.31 |
| 00002 | Department of the Treasury<br>Internal Revenue Service<br>230 S. Dearborn<br>Stop 5016-CHI<br>Chicago, IL 60604 | $ 402.47 | $ 15.13 |
| 00003 | eCAST Settlement Corporation,<br>Assignee of<br>MBNA America Bank, N.A.<br>P.O. Box 35480<br>Newark, NJ 07193-5480 | $ 26,843.80 | $ 1,009.49 |

| DISTRIBUTION REPORT | | | PAGE 5 of 7 |
|---|---|---|---|
| 00004 | Brown CPA Group, Ltd.<br>666 Dundee Road<br>Suite 1603<br>Northbrook, IL 60062 | $ 9,283.45 | $ 349.11 |
| 00005* | Northbrook Bank & Trust Company<br>1100 Waukegan Road<br>Northbrook, IL 60062-4663 | $781,338.25 | $29,383.08 |
| 00006 | Statland and Valley<br>Attorneys at Law<br>10 S. LaSalle Street, Suite 900<br>Chicago, IL 60603 | $ 4,587.36 | $ 172.51 |

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(3) - Late unsecured claims | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

| 13. TYPE OF CLAIMS | AMOUNT OF CLAIMS | DIVIDEND% |
|---|---|---|
| §726(a)(4) - Fines/penalties | NONE | |

\* Pursuant to order of court dated March 30, 2006 approving settlement agreement entered into by and among Harey Israel, David Israel, Daniel Hoseman, permenant Trustee in the Chapter 7 bankruptcy proceeding of Harey Israel, Case No. 04 B 41018, the George Trefonas Marital Trust, the George Trefonas Residuary Trust, Nea Stevens, Patricia Israel, Eva Trefonas and Marge Trefonas.

| DISTRIBUTION REPORT | | | PAGE 6 of 7 |
|---|---|---|---|
| CLAIM NUMBER | CREDITOR | TOTAL AMOUNT OF ALLOWED CLAIM | FINAL AMOUNT OF DIVIDEND |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(5) - Interest | NONE | |

| CLAIM NUMBER | CREDITOR | ALLOWED CLAIM AMOUNT OF | FINAL DIVIDEND |
|---|---|---|---|

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | NONE | |

| CLAIM NUMBER | CREDITOR | AMOUNT OF ALLOWED CLAIM | AMOUNT OF DIVIDEND |
|---|---|---|---|

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

00007     Northbrook Bank & Trust Company
          1100 Waukegan Road
          Northbrook, IL 60062

| DISTRIBUTION REPORT | | | | PAGE 7 of 7 |
|---|---|---|---|---|
| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/WITHDRAWN (DESIGNATE) |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED:

_____
Trustee